# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Alex Litt, Esq.
Alitt@andersonkill.com
212-278-1021

<u>Via ECF and hand delivery</u>

January 11, 2018

Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007

> Re: *Carlos M. Salas et al. v. Peter Salas et al.,*
> <u>Case No.: 16-cv-2248</u>

Dear Magistrate Judge Freeman:

    We represent Plaintiffs Carlos M. Salas and Ada Cristina Salas in the above captioned matter and respectfully submit this reply letter to Defendants' untimely January 10, 2018 letter.

    First, Defendants are in default in responding to Plaintiffs' December 20, 2016 letter motion by at least 16 days.

    Second, Defendants' letter is frivolous. Notably, Defendants' letter does not contest the relevancy of the documents discovered and requested at the deposition of Defendant Peter Salas, which were also reiterated in Plaintiffs' December 20, 2017 letter. In fact, Defendants did not object or contest to any of the document requests addressed in Plaintiffs' letter. The only specific request that Defendants' letter addresses is the request for Dolphin Offshore Partners, LP ("Dolphin Offshore") financial statements, wherein Defendants admit they do not plan to produce such documents. However, no basis is provided for not producing Dolphin Offshore financial statements, which are in Defendants possession, custody, or control. Further, these documents are relevant because Plaintiffs invested in Defendant Dolphin Direct Equity Partners, LP ("Dolphin Direct"), which was in debt to Dolphin Offshore. Additionally, Defendants have still not provided a privilege log. Thus, a refusal to produce these documents should be met with sanctions.

    Third, Defendants attempt to use the holidays as an excuse for their continued failure. However, as addressed in Plaintiffs December 20, 2017 letter, many of these requests have been outstanding for at least six months, specifically including the request for Dolphin Offshore financial statements.

**Anderson Kill P.C.**

January 11, 2018
Page 2

      Defendants further attempt to excuse their tactics by saying that they "genuinely believed that the parties were working together." This is surely tongue-in-cheek since Defendants state that they "believe that a telephone conversation between the parties will resolve some of the outstanding discovery issues." Yet, Defendants, as silent as Yorick's skull, have made no effort to contact Plaintiffs' counsel to resolve such issues, and, in fact, repeatedly ignored Plaintiffs' counsel's communications, including specific requests to engage in conference calls.

      Accordingly, Plaintiffs respectfully request the Court order Defendants to produce such documents and sanction Defendants for the repeated tactics.

      We thank the Court for its attention to this matter.

                                                Respectfully submitted,

                                                Alex Litt

Enclosure

cc:    Daniel Osborn, Esq. (via ECF and email)
        *Attorney for Defendants*