# OSBORN LAW, P.C.

### 43 West 43RD Street, Suite 131
### New York, New York 10036

DANIEL A. OSBORN
LINDSAY M. TRUST

TELEPHONE
212 - 725 - 9800

FACSIMILE
212 - 500 - 5115

February 3, 2018

*By ECF*

Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 1007

    Re:   *Carlos M. Salas et al. v. Peter Salas et al.*,
             Case No. 16-cv-002248

Dear Magistrate Judge Freeman:

    On behalf of defendants Peter E. Salas, Dolphin Advisors, LLC, Dolphin Asset Management Corp., Dolphin Direct Equity Partners, LP and Dolphin Management, Inc., I write in response to plaintiffs' letter to the Court dated February 1, 2018.

    On January 24, 2018, the parties conferred by telephone regarding plaintiffs' discovery. During the call, defendants confirmed that several categories of documents had already been produced and defendants agreed to produce others. The parties did not discuss a date for the supplemental production. Shortly after the call, defendants' counsel sent plaintiffs' counsel a follow-up letter memorializing their discussion.

    On January 31, 2018, defendants produced one of the agreed upon documents. The next day, apparently dissatisfied with the pace of production, plaintiffs' counsel sent yet another letter motion to the Court demanding an order compelling production and the imposition of sanctions.

    On February 2, 2018, defendants produced almost ten thousand additional pages of documents. Those documents

Hon. Debra Freeman
February 3, 2018
Page 2

consisted of nearly two hundred e-mails and several hundred attachments. Defendants would have produced the documents a couple of days earlier, but because they were provided to counsel in MSG (Outlook) format, counsel had to retain an outside vendor to convert the emails and attachments to PDF format so they could be produced to plaintiffs.

Contrary to plaintiffs' suggestion, defendants have cooperated, and will continue to cooperate, with plaintiffs regarding discovery. But despite defendants' good faith efforts, plaintiffs feel the need to burden the Court with letter motions instead of following-up with counsel. This practice not only violates the Court's rules but is a waste of the Court's resources.

For this reason and the others stated above, the Court should deny plaintiffs' motion.

Respectfully,

Daniel A. Osborn

cc:     Alex Litt, Esq. (by ECF)