**O S B O R N   L A W, P.C.**

**43 West 43ʳᴰ Street, Suite 131**
**New York, New York 10036**

DANIEL A. OSBORN
LINDSAY M. TRUST

TELEPHONE
212 - 725 - 9800

FACSIMILE
212 - 500 - 5115

October 31, 2018

***By ECF and Facsimile***

Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 1007

      Re:    *Carlos M. Salas et al. v. Peter Salas et al.*,
            Case No. 16-cv-002248

Dear Magistrate Judge Freeman:

On behalf of defendants, Peter E. Salas, Dolphin Advisors, LLC, Dolphin Asset Management Corp., Dolphin Direct Equity Partners, LP and Dolphin Management, Inc., I submit this letter motion, as authorized by the Court, seeking dismissal of each of the six causes of action pled in plaintiffs' Complaint. The basis of defendants' motion is that each of the six causes of action is time-barred.

Plaintiffs Carlos M. Salas and Ada Cristina Salas ("Plaintiffs") were and are residents of the State of South Carolina. Plaintiffs allege, and it is not disputed, that:

(i)     in 2004, 2005 and 2007, Plaintiffs made capital contributions in Dolphin Direct Equity Partners, LP ("Dolphin Direct")(Complaint ¶¶ 22, 31, 34, 39);

(ii)    Plaintiffs received periodic Update Letters from Dolphin Direct from 2004 through February 2009 (Complaint ¶¶ 26, 29, 30, 32, 33, 35, 38, 41); and

(iii)   Plaintiffs received the audited financial statement for Dolphin Direct in late 2008 or early 2009 (Complaint ¶42).

Hon. Debra Freeman
October 31, 2018
Page 2

The crux of Plaintiffs' Complaint is that defendant Dolphin Direct failed
to disclose that it used debt to finance its investments.  Plaintiffs commenced this
action on February 26, 2016 asserting six causes of action: (i) breach of fiduciary
duty, (ii) conversion, (iii) fraud, (iv) accounting, (v) equitable subordination and
(vi) piercing the corporate veil.

When a non-resident of New York, such as Mr. and Mrs. Salas, sues on a
cause of action accruing outside of New York, CPLR § 202 requires that the
cause of action be timely under the limitations periods of both New York *and* the
jurisdiction where the cause of action accrued.  Generally, in cases involving
economic harm, a cause of action accrues where the injury is sustained, which is
typically plaintiff's state of residence.  *Gorlin v. Bond Richman & Co.*, 706 F
Supp 236, 240 (S.D.N.Y. 1989).  We will address each of the six causes of action.

**Breach of Fiduciary Duty.**

New York law does not have a single statute of limitations for breach of
fiduciary duty claims.   The applicable limitations period depends on the
substantive remedy that the plaintiff seeks.  Where the remedy sought is purely
monetary in nature, the three-year limitations of CPLR § 214(4) applies.  See e.g.
*Yatter v. Morris Agency*, 682 NYS2d 198 (1st Dept. 1998).  Where the relief
sought is equitable in nature, the six-year limitations period of CPLR § 213(1)
applies.  *Loengard*, 70 NY2d at 266-267.  Regardless, under South Carolina law,
there is a three-year statute of limitations for breach of fiduciary duty claims.

The statute of limitations begins to run when the cause of action accrues.
Generally, a breach of fiduciary duty claim accrues upon the breach rather than
upon plaintiff's imputed or actual discovery of the breach.  See *Malmsteen v.
Berdon, LLP*, 369 F. App'x 248, 249-50 (2d Cir. 2010).

Applying the three-year statute of limitations, Plaintiffs' claim for breach
of fiduciary duty is untimely.   Plaintiffs allege that defendant Peter Salas "failed
to provide complete and accurate accountings to Plaintiffs with respect to
Plaintiffs' investment and with respect to the financial condition of Dolphin
Direct."  Complaint ¶ 78.  Plaintiffs point specifically to the Update Letters,
which they allege failed to disclose that Dolphin Direct utilized debt to finance its
investments for investors such as Plaintiffs.  See Complaint ¶¶ 26, 29, 30, 32, 33,
35, 38, 41.  The last Update Letter sent to Plaintiffs was in February 2009, almost
exactly seven years before this action was commenced, and four years after the
statute of limitations expired.

Hon. Debra Freeman
October 31, 2018
Page 3

### **Conversion.**

Under CPLR § 214 and South Carolina law, the statute of limitations for a conversion claim is three years.  NY CPLR § 214.  A claim for conversion accrues when the conversion or taking occurs.  *Sporn v. MCA Records*, 462 NYS2d 413 (1983); *Close-Barzin v. Christie's, Inc*., 857 NYS2d 545 (1st Dept 2008)("[A]ccrual runs from the date the conversion takes place and not from discovery or the exercise of diligence to discover").

Here, any purported conversion occurred at the time Plaintiffs invested in the partnership – May 2004, April 2005, September 2005, and October 2007.  Complaint ¶¶ 22, 31, 34, 39.  Plaintiffs did not commence this action until February 26, 2016, more than eight years from the latest possible date that the statute of limitations began to accrue.

### **Fraud.**

Under CPLR § 213(8), the statute of limitations for a fraud claim is six years from the date the cause of action accrued or two years from the date the fraud was or could have reasonably been discovered.  NY CPLR § 213(8).  A cause of action for fraud accrues at the time "plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence."  *Coleman v. Wells Fargo & Co.*, 4 N.Y.S.3d 93, *quoting Town of Poughkeepsie v. Espie*, 840 N.Y.S.2d 600.  However, where a plaintiff's "allegations of breach of fiduciary duty are substantially identical to its allegations of fraud" and "the injuries alleged in the two claims are not distinct," then the three-year statute of limitations applicable to the breach of fiduciary duty claim will control.  *Matana v. Merkin*, 957 F. Supp. 2d 473, 492 (S.D.N.Y. 2013).  Regardless, under South Carolina law, the statute of limitations for fraud is three-years.

Plaintiffs' claim for fraud is untimely because they knew, at the very latest, "in late 2008/early 2009," upon receipt of the financial statement sent to Dolphin Direct investors, that Dolphin Direct had $18,662,864 of debt and had paid $5,489,651 in interest to Dolphin Management.[1]  See excerpt of Plaintiffs' Expert Report of Jason Scharfman, page 12, dated January 12, 2018, attached as

---

[1]     In all likelihood, Plaintiffs possessed knowledge of facts from which the purported fraud could have been discovered with reasonable diligence as early as 2006 when they received their K-1.

Hon. Debra Freeman
October 31, 2018
Page 4

Exhibit A.  Plaintiffs' only had until 2012 to file their Complaint; they did not do so until February 2016.

**Accounting, Equitable Subordination, and Piercing the Corporate Veil.**

Under CPLR § 213, the statute of limitations for accounting, equitable subordination, and piercing the corporate veil is six years.[2]  However, the six-year limitation period does not apply when the claim for an accounting, or other form of equitable relief, is merely secondary to the actual claim for damages.  See *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 425 (S.D.N.Y. 2007) ("An accounting claim is not proper where money damages are recoverable under alternative causes of action for the same injury"), *aff'd*, 328 Fed. Appx. 56 (2d Cir. 2009) (summary order).  Plaintiffs' claims for accounting, equitable subordination and piercing the corporate veil are all time-barred. This is because Plaintiffs' equitable claims are based entirely on Plaintiffs' other claims and for the reasons stated above, those claims are time-barred.

**Conclusion.**

For the foregoing reasons, Defendants respectfully request that each of Plaintiffs' claims be dismissed as time barred.

Respectfully,

Daniel A. Osborn

Daniel A. Osborn

---

[2]     There is no statute of limitations for equitable actions under South Carolina law.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS M. SALAS AND ADA CRISTINA SALAS,<br><br>             Plaintiffs,<br><br>    vs.<br><br>PETER SALAS; DOLPHIN ADVISORS, LLC; DOLPHIN ASSET MANAGEMENT CORP.; DOLPHIN DIRECT EQUITY PARTNERS, L.P.; and DOLPHIN MANAGEMENT, INC.;<br><br>             Defendants. | 16cv02248 (DF) |

**EXPERT REPORT OF JASON SCHARFMAN**

nydocs1-1102001.5

Carlos P. Salas v. Peter E. Salas; Dolphin Advisors, LLC; Dolphin Asset Management Corp,;
Dolphin Direct Equity Partners, LP; and Dolphin Management, Inc.
Expert Report of Jason Scharfman

loan obligation was described in Offering Documents and Update Letters to the Limited Partners.

P. Salas Tr. 132:14 – 133:7.  But, at his deposition, when asked about the first financial statement

sent to investors in or around late 2008 or early 2009, Peter stated that the only terms disclosed

to investors would have been the interest rate.  This means that the Salas' learned about the

$18,662,864 in debt as well as the $5,489,651 in total interest paid to Dolphin Management

between December 2003 and December 2007 for the first time in late 2008/early 2009.

This evidences that investors were not given the total mix of information that was

material to their decision making.  The existence of a substantial debt was vital to the investors

and Peter's failure to disclose its existence was extremely detrimental.

G.   **DDEP's Failure to Have Audits As Required in the Limited
      Partnership Agreement Was a Breach of the Agreement and
      Materially Impacted the Investors' Ability to Assess Their
      Investments.**

The DDEP Confidential Offering Memorandum states that "[t]he Partnership has

retained KMPG as an independent auditors of its financial statements.  As soon as practicable

after the end of each fiscal year, an audited financial statement reflecting the results of operations

for that year will be prepared by the Partnership's independent auditors and sent to each Partner."

Plaintiff's Exhibit 5, Tab B, page 22.  Section 7.3 of the Partnership Agreement states that "[t]his

agreement may be amended by the consent of the Managing Partner and Partners whose capital

accounts total at least 75% of the capital accounts of all Partners."  These two excerpts from the

Offering documents sent to investors show that Peter had an obligation to authorize yearly audits

for DDEP, and that this obligation could not be changed unless by amendment to the Partnership

Agreement requiring approval of at least 75% of the capital accounts of all Partners.  In

adherence to those provisions, in the October 2004 update letter, Peter requests an amendment to

nydocs1-1102001.5

Carlos P. Salas v. Peter E. Salas; Dolphin Advisors, LLC; Dolphin Asset Management Corp,;
Dolphin Direct Equity Partners, LP; and Dolphin Management, Inc.
Expert Report of Jason Scharfman

the Fund to entities in which Peter held a substantial interest; a purpose that was not

contemplated by the Limited Partnership Agreement.  The use and application of the discount

penalty was therefore in violation of the terms of the Limited Partnership Agreement and

inequitably applied in this instance.

## VIII.   CONCLUSION

The offering documents and update letters contained material omissions and

misrepresentations, which would have been essential to any reasonable investor.  Furthermore,

Peter Salas and the Fund had an affirmative obligation to make full disclosure and corrective

disclosures which they did not.


Dated:    January 12, 2018                                 Respectfully Submitted,

                                                           By:  _____
                                                                Jason Scharfman