# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Herbert Deutsch
hdeutsch@andersonkill.com
212-278-1173

November 15, 2018

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 10007

Re:   *Carlos M. Salas et al. v. Peter Salas et al.*,
      Case No. 16-cv-02248

Dear Magistrate Judge Freeman:

We represent plaintiffs, Carlos M. Salas and Ada Cristina Salas, in the above-referenced litigation. Below please find, pursuant to your rules of practice, an outline of our claims, including the elements of such claims, and a non-exhaustive summary of facts that Plaintiffs will prove at trial in support thereof.

## I.   Breach of Fiduciary Duty

### a. Elements

Under New York law, the elements for a breach of fiduciary duty claim are as follows: 1) the existence of a fiduciary relationship, 2) misconduct on the part of the fiduciary, 3) damage that was 4) directly caused by the misconduct. *See Pokoik v. Pokoik*, 982 N.Y.S.2d 67, 70 (1st Dep't 2014) (citation omitted). "A fiduciary relationship may exist where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge . . . ." *WIT Holding Corp. v. Klein*, 282 A.D.2d 527, 529 (2d Dep't 2001) (citation omitted).

### b. Summary of Facts in Support of Breach of Fiduciary Duty Claim

Element 1 – Fiduciary relationship

- Defendants were controlling and managing members of the general partnership to which Plaintiffs were minority members.

- There was a close familial relationship between them and Defendant Peter Salas. Peter is Plaintiff Carlos Salas's nephew and the families were very close.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100071309.1

**Anderson Kill P.C.**

The Honorable Debra Freeman
November 15, 2018
Page 2

- Plaintiffs will show that they reposed trust and confidence in the Defendants as investors and brokers, which Defendants accepted.

Element 2 – Misconduct on the part of the fiduciary

- Defendants breached their fiduciary duty of loyalty through self-dealing, including
    - Loaning money from another entity controlled by Peter, Dolphin Offshore Partners, L.P., to the partnership, thereby converting funds that plaintiffs invested in the partnership to Dolphin Offshore through interest payments and loan repayments. This benefited Defendants to the detriment of Plaintiffs.

- Defendants breached their duty of candor through misrepresentations and material omissions, including
    - Failing to disclose that investments by Partnership were to be made by incurring debt and not by obtaining equity investments. Leveraged investments acquired by debt are riskier than investments made with equity.
    - Failing to disclose that Defendants furnished debt in the partnership until long after the investments were made.
    - Misrepresenting that the partnership's auditor was KPMG, a premier auditing firm.

- Defendants breached their duty of care by exposing partnership funds to higher than reasonable risk, including
    - Having investments based on debt, which is more volatile than investments based on equity.
    - Failing to have partnership audited every two years, as set forth in the partnership agreement.

Element 3 – Damage

- Plaintiffs suffered damages in the amount of their total investments.
- Plaintiffs are entitled to compensatory damages, prejudgment interest, attorneys' fees, and punitive damages.

Element 4 – Causation

- Plaintiffs lost their investment and gains due to Defendants' improper handling of the same.

- Had Defendants provided honest and accurate information they would not have invested or would have withdrawn their investments.

## II. Fraud

### a. Elements

Under New York law, the elements for a fraud claim are as follows: 1) the defendant made a misrepresentation or a material omission of fact 2) which was false and 3) known to be false by defendant, 4) the misrepresentation or material omission of fact was made for the purpose of inducing the plaintiff to rely on it, 5) the plaintiff justifiable relied on the misrepresentation or material omission, and 6) the plaintiff sustained an injury. *See Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 142 (2017) (citation omitted).

### b. Summary of Facts in Support of Fraud Claim

Element 1 – Misrepresentation or material omission of fact

- Defendants failed to disclose that investments by partnership were to be made by incurring debt and not obtaining equity.

- Defendants failed to disclose that Defendants furnished debt in the partnership.

- Defendants misrepresented that auditor of partnership was KPMG, a premier auditing firm.

- Defendants' investment solicitations and progress reports did not accurately represent returns and did not disclose debt incurred.

- Defendants did not disclose that the partnership purchased investments offered by the Defendants, which if unaccepted by the partnership, would have remained the Defendants' risk. If informed, other partners, such as Plaintiffs, could have declined to make capital contributions to fund the investments offered by the Defendants.

- Defendants drafted and backdated "loan" documents in excess of over 5 years.

- The misrepresentations and omission were material because Defendants made investment seem more stable than it was.

Element 2 – Falsity

- Defendants' representations were false and misleading.

- Returns and debt, as set forth in investment solicitations and progress reports, were inaccurate and fake.

Element 3 – Scienter of falsity

- Defendants knew that information they provided about the partnership was misleading and incorrect.

Element 4 – Made for purpose of inducement

- Plaintiffs will show that Defendants made material representations and omitted material facts to make investment in partnership seem more desirable.

Element 5 – Justifiable Reliance

- Plaintiffs were justified in relying on Defendants who possessed superior knowledge about investing.

- Plaintiffs were justified in relying on Peter and the entities he controlled because Peter was their trusted nephew, who provided assurance about the investments.

Element 6 – Injury

- Plaintiffs suffered damages in the amount of their total investments.

- Plaintiffs are entitled to compensatory damages, prejudgment interest, attorneys' fees, and punitive damages.

### III.  Conversion

#### a. Elements

The elements for a conversion claim are as follows: 1) the defendant assumes or exercises control over 2) personal property over which plaintiff has a possessory right or interest, 3) intentionally 4) and without authority, 5) and in derogation of plaintiff's rights. *See Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006). "Money may be the subject of conversion if it is specifically identifiable and there is an obligation to return it or treat it in a particular manner. . . . When funds are provided for a particular purpose, the use of those for an unauthorized purpose constitutes conversion." *Hoffman v. Unterburg*, 9 A.D.3d 386, 388 (2d Dep't 2004).

#### b. Summary of Facts in Support of Conversion Claim

Element 1 – Defendants assumed or exercised control over personal property

- Defendants exercised control over their equitable cash investment to the partnership.

Element 2 – Plaintiffs have possessory right over the property

- Plaintiffs had possessory right over their investment, which could be withdrawn.

Element 3 – Defendants intended to take control

- Defendants took control of Plaintiffs' investments and they only obtained such control through deceit and misrepresentation.

Element 4 – Defendant did not have authority

- Defendants did not have Plaintiffs' authority when they converted Plaintiffs' cash investments to other accounts that Defendants controlled.

- Plaintiffs made a demand for an accounting, which Defendants did not provide.

Element 5 – Defendant acted in derogation of plaintiffs' possessory rights

- Plaintiffs were denied their initial cash investments and the benefits of any gains.

- Plaintiffs are entitled to a pro rata share of the partnership, which could be determined by an accounting, as well as prejudgment interest.

## IV. Recharacterization/Equitable Subordination

### a. Pertinent law

"In a recharacterization claim, if the court determines that the advance of money is equity, and not debt, the claim is recharacterized and the effect is subordination of the claim as a proprietary interest because the corporation repays capital contributions only after satisfying all other obligations of the corporation." *Gasser v. Infanti Int'l Inc.*, 03 CV 6413, 2008 U.S. Dist. LEXIS 56686, at *28 n. 7 (E.D.N.Y. Jul. 23, 2008) (internal quotations and citations omitted). Whether an advancement to a company is a loan or equitable contribution is a question of fact, which requires courts to consider "(1) the form of an instrument; (2) the intent of the parties[;] and (3) the objective economic reality as it relates to the risks taken by investors." *Id.* at *29 (internal quotations and citations omitted).

Similarly, "[i]n an equitable subordination analysis, the court is reviewing whether a legitimate creditor engaged in inequitable conduct, in which case the remedy is subordination of the creditor's claim to that of another creditor . . . ." *Id.* at *28 n. 7 (internal quotations and citations omitted). Inequitable conduct that could give rise to

**Anderson Kill P.C.**

The Honorable Debra Freeman
November 15, 2018
Page 6

subordination includes "a secret or open fraud, lack of good faith by a fiduciary, unjust enrichment, or enrichment brought about by unconscionable, unjust or unfair conduct or double-dealing." *Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp.*, 343 B.R. 444, 461 (Bankr. S.D.N.Y. 2006).

### b. Summary of Facts in Support of Recharacterization/Equitable Subordination Claim

Defendants' contributions are more properly characterized as equity

- Defendants did not characterize their contributions as loans until creating backdated loan documents years after providing funding to partnership.

- Plaintiffs did not intend, as members of the partnership, that Defendants' financial contributions would be in the nature of debt.

- Peter had Dolphin Management advance "loans" to the partnership in order to fund the purchase of investments from Dolphin Management by the partnership. No interest was paid on these "loans." Instead, Peter had the purported interest converted to an increase in the equity Dolphin Management had in the partnership and so not to impact its cash flow. In reality, this was always an equity investment.

Peter engaged in inequitable conduct, justifying subordination

- Defendants engaged in inequitable conduct based on their breach of fiduciary duties and perpetrating fraud, as discussed in more detail above.

- Peter had Dolphin Management advance "loans" to the partnership in order to fund the purchase of investments from Dolphin Management by the partnership. No interest was paid on these "loans." Instead, Peter had the purported interest converted to an increase in the equity Dolphin Management had in the partnership and so not to impact its cash flow. In reality, this was always an equity investment.

### V.   Accounting

#### a. Elements

The "right to an accounting is premised upon [1] the existence of a confidential or fiduciary relationship and [2] a breach of the duty imposed by that relationship [3] respecting property in which the party seeking the accounting has an interest." *Dee v. Rakower*, 112 A.D.3d 204, 214 (2d Dep't 2013) (internal quotations and citations omitted). "The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the

defendant is bound to reveal his dealings." *Steven v. St. Joseph's Hosp.*, 52 A.D.2d 722, 723 (4th Dep't 1976).

### b. Summary of Facts in Support of Accounting Claim

Element 1 – Fiduciary relationship

- Defendants were controlling and managing members of the general partnership to which Plaintiffs were minority members.

- There is a close familial relationship between them and Defendant Peter Salas. Peter is Plaintiff Carlos Salas's nephew and the families were very close.

- Plaintiffs reposed trust and confidence in the Defendants as investors and brokers, which Defendants accepted.

Element 2 – Breach of fiduciary duty

- Defendants breached their fiduciary duties for the reasons outlined above in the Breach of Fiduciary Duty section.

- Defendants failed to provide accurate accountings despite Plaintiffs demanding the same.

Element 3 – Respecting property in which the party seeking accounting has an interest

- Plaintiffs had an interest in the cash investment they made to the partnership.

### VI. Piercing the Corporate Veil

#### a. Elements

The elements for a piercing the corporate veil claim are as follows: 1) the owners exercised complete domination of the corporation in respect to the transaction attacked, and 2) the domination was used to commit a fraud or wrong against the plaintiff 3) which resulted in the plaintiff's injury. *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 18 (2015) (citation omitted). "Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use." *East Hampton Union Free School Dist. v. Sandpebble Bldrs., Inc.*, 66 A.D.3d 122, 127 (2d Dep't 2009) (internal quotations and citations omitted). Additional factors include "overlap in ownership and directorship, or common use of office space and equipment." *Forum Ins. Co. v. Texarkoma Transp. Co.*, 229 A.D.2d 341, 342 (1st Dep't 1996).

#### b. Summary of Facts in Support of Piercing the Corporate Veil Claim

Element 1 – Complete dominion

- Peter and the corporate Defendants abused the privilege of doing business in corporate form in that they:
    - Established no formalities. Peter commingled assets among the corporate Defendants, essentially treating them as the same company.
    - Peter used assets from the corporate Defendants to serve his personal interests.
    - Corporate Defendants had overlapping officers, directors, and personnel, primarily Peter.
    - Corporate Defendants shared offices and facilities.
    - There was no independent business discretion among the corporate Defendants. All operated to benefit Peter.
    - Corporate Defendants were, at times, undercapitalized.
    - Despite representing that the partnership would be audited every two years, Defendants failed to do so in order to hide their defalcations.

Element 2 – Fraud or wrong

- Plaintiffs were wronged and the victims of fraud, as discussed in more detail in the Fraud section above.

Element 3 – Injury

- Plaintiffs suffered damages in the amount of their total investments.
- Plaintiffs are entitled to compensatory damages, prejudgment interest, attorneys' fees, and punitive damages.

### VII. Promoter Liability

#### a. Elements

The promoter of an LLC or corporation "is 'treated as standing in a confidential relation to the proposed company, and is bound to the exercise of the utmost good faith.'" *Roni LLC v. Arfa*, 2013 N.Y. Misc. LEXIS 2796, at *7 (N.Y. Sup. Ct. 1st JD Jun. 27, 2013) (internal quotations omited). The promoter is one who "plans the business venture, organizes the [company], and solicits investors to invest." *Id.* (citing *Roni LLC v. Arfa*, 74 A.D.3d 442, 444 (1st Dep't 2010)).

The promoter is a fiduciary to the company and investors it solicits. *Id.* Accordingly, he or she may not "tak[e] secret advantage of the other stockholders[;]" and he or she must "disclose fully any [of his or her] interests . . . that might affect the company and its members, including the profits the promoter makes from organizing the company." *Id.* (internal quotations and citations omitted).

### b. Summary of Facts in Support of Promoter Liability

Element 1 – Defendants were promoters of the partnership

- Defendants planned and organized the partnership.
- Peter solicited them to invest in the partnership.

Element 2 – Defendants breached their fiduciary duties as promoters

- Defendants took advantage of their positions of trust and placed assets into the partnership at market value rather than at cost-basis, thereby inflating their own ownership interests and fraudulently increasing their equity.
- Defendants failed to disclose that they were basing their equity on the market value of assets rather than at cost-basis.

Element 3 – Damages

- Plaintiffs sustained damages in an amount to be determined because of Defendants inflated ownership stake.

## VIII. Inducement Not to Sell

### a. Elements

Under New York law, a party may pursue an "action for fraud in inducing, not the purchase of the bonds, but their retention after purchase[,]" *Cont'l Ins. Co. v. Mercadante*, 222 A.D. 181 (1st Dep't 1927), where the party seeks damages related to "out-of-pocket loss," rather than "loss of the value that might have been realized in a hypothetical market exchange . . . ." *Starr Found. v. Am. Int'l Grp., Inc.*, 76 A.D.3d 25, 33 (1st Dep't 2010).

The elements for a fraudulent inducement are as follows: "[1] representations of a material fact, [2] falsity], [3] scienter, [4] deception and [5] injury." *Dalessio v. Kressler*, 6 A.D.3d 57, 61 (2d Dep't 2004) (quoting *Channel Master Corp. v. Aluminum Ltd. Sales*, 4 N.Y.2d 403, 407 (1958)).

### b. Summary of Facts in Support of Inducement Not to Sell

**Anderson Kill P.C.**

The Honorable Debra Freeman
November 15, 2018
Page 10

### Element 1 – Representation of material fact

- Defendants misrepresented and omitted material facts, as set forth in more detail in the Fraud section above.

### Element 2 – Falsity

- Defendants were false, as set forth in more detail in the Fraud section above.

### Element 3 – Scienter

- Defendants knew their misrepresentations and omissions were false, as set forth in more detail in the Fraud section above.

### Element 4 – Deception

- The misrepresentations and omissions made by Defendants were made for the purpose of deceiving the Plaintiffs, as set forth in more detail in the Fraud section above.

- Plaintiffs justifiably relied on the Defendants' misrepresentations and omission, as set forth in more detail in the Fraud section above.

### Element 5 – Injury/Out-of-pocket loss

- Plaintiffs suffered an out-of-pocket loss, specifically, the loss of their total investment.

Respectfully submitted,

*/s/ Herbert Deutsch*

Herbert Deutsch
Elliot J. Coz

HD
EJC

docs-100071309.1