UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CARLOS M. SALAS and ADA CRISTINA SALAS

                        Plaintiffs,

            -against-

PETER SALAS, DOLPHIN ADVISORS, LLC; DOLPHIN
ASSET MANAGEMENT CORP.; DOLPHIN DIRECT
EQUITY PARTNERS, L.P.; and DOLPHIN
MANAGEMENT, INC.

                      Defendant.

Case No. 16cv02248 (DF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/18

-------------------------------------------------------------x

## JOINT PRETRIAL ORDER

Pursuant to the Court's Individual Rules and Practices, the parties submit their Joint Pretrial Order:

### 1. FULL CAPTION.

The full caption of this action is set forth above.

### 2. TRIAL COUNSEL.

<u>Plaintiffs Carlos M. Salas and Ada Cristina Salas</u>

ANDERSON KILL P.C.
Jeremy E. Deutsch
Herbert l. Deutsch
Elliot J. Coz
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Defendants Peter Salas, Dolphin Advisors, LLC, Dolphin Asset Management Corp., Dolphin Direct Equity Partner. L.P., and Dolphin Management, Inc.

OSBORN LAW, P.C.
Daniel A. Osborn
Lindsay M. Trust
43 West 43rd Street, Suite 131
New York, NY 10036
Telephone: (212) 725-9800
Facsimile: (212) 500-5115

### 3. BRIEF STATEMENT OF SUBJECT MATTER JURISDICTION.

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants caused this action to be removed from the Supreme Court of the State of New York, County of New York to this Court pursuant to Defendants' Notice of Removal (the "Notice of Removal") electronically filed in this Court on or about March 27, 2016 and Defendants' Notice of Filing Notice of Removal filed in Supreme Court of the State of New York, County of New York on April 3, 2016.

The following is a brief analysis of the allegations concerning each parties' respective citizenship when comparing Plaintiff's Complaint (the "Complaint"), Defendants' Answer (the "Answer"), and/or the Notice of Removal:

(i) The Parties agree that Plaintiffs are residents of the State of South Carolina (see Complaint, ¶ 3; Notice of Removal, ¶ 7);

(ii) The Complaint alleges that Defendant Peter E. Salas was a resident of the State of New York at all times relevant to this action and that, upon information and belief, he established residence in the State of Florida. (See Complaint ¶ 5). The Notice of Removal alleges that Defendant Peter E. Salas is a resident of the State of Florida residing in the city of Fernandina Beach in the County of Nassau. (See Notice of Removal, ¶ 8). Notwithstanding any differences in these allegations, the Parties agree that Defendant Peter E. Salas is a resident of the State of Florida;

(iii) The Complaint alleges that Defendant Dolphin Management, Inc. is a corporation whose interest was transferred to Dolphin Mgmt. Inc and which had a principal place of business in the State of New York. (See Complaint, ¶ 6). The Notice of Removal alleges that Defendant Dolphin Management, Inc. (now by name change, Dolphin Mgmt. Services, Inc.) has its principal place of business in the city of Fernandina Beach in the County of Nassau, State of Florida (see Notice of Removal ¶ 9). The

2

          Parties agree that Defendant Dolphin Management, Inc. was formed in the State of Delaware. (*See* Complaint ¶ 6; Notice of Removal ¶ 9). Neither of these parties' respective allegations, if true, would disturb diversity jurisdiction;

(iv)     The Complaint alleges that Defendant Dolphin Advisors, LLC is a limited liability company formed pursuant to the laws of the State of New York with its principal place of business in New York. (*See* Complaint ¶ 7). The Answer admits that Defendant Dolphin Advisors, LLC was formed pursuant to the laws of the State of New York, had a principal place of business in the State of New York through 2006 and then Fernandina Beach, Florida thereafter. (*See* Answer ¶ 7). Neither of these parties' respective allegations, if true, would disturb diversity jurisdiction;

(v)     The Complaint alleges that Defendant Dolphin Asset Management Corp. is a corporation that has a principal place of business in the State of New York. (*See* Complaint ¶ 8). The Notice of Removal alleges that Defendant Dolphin Asset Management Corp. is a corporation that has a principal place of business in the State of Florida. (*See* Notice of Removal ¶ 11). The Parties agree that Defendant Dolphin Asset Management Corp. was formed pursuant to the laws of the State of New York. (*See* Complaint ¶ 8; Notice of Removal ¶ 11). Neither of these parties' respective allegations, if true, would disturb diversity jurisdiction;

(vi)     The Complaint alleges that Defendant Dolphin Direct Equity Partners, LP is a limited partnership that has a principal place of business in the State of New York. (*See* Complaint ¶ 9). The Notice of Removal alleges that Defendant Dolphin Equity Partners, LP has a principal place of business in the city of Fernandina Beach in the County of Nassau, State of Florida (*see* Notice of Removal ¶ 12). The Parties agree that Defendant Dolphin Equity Partners, LP was formed pursuant to the laws of the State of Delaware. (*See* Complaint ¶ 9; Notice of Removal ¶ 12). Neither of these parties' respective allegations, if true, would disturb diversity jurisdiction; and

(vii)     The Parties agree that the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. (*See* Complaint ¶ 46; Notice of Removal ¶ 13).

    Based on Defendants' removal application, Defendants agree that subject matter jurisdiction exists.

## 4. BRIEF SUMMARY OF CLAIMS AND DEFENSES.

### a. Plaintiffs' Claims

This case boils down to a familial dispute in which Plaintiffs Carlos M. Salas and Ada Cristina Salas lost approximately $230,000 of their investments as a result of being fraudulently induced to invest and become limited partners in Defendant Dolphin Direct Equity Partners, LP ("DDEP") by their trusted nephew Defendant Peter E. Salas, who individually and/or through the Defendant entities (mis)managed DDEP, breached DDEP's Limited Partnership Agreement, and wrongfully used his position of trust and confidence as a fiduciary to and as a close family member of Plaintiffs to illegally misrepresent, omit, and/or conceal material information from Plaintiffs about these investments, including, but not limited to, Defendant Peter E. Salas' improper use of long term debt and leverage through the loaning and movement of money among DDEP and the various Defendant entities, which he controlled and/or operated, in order to benefit himself and secure his own interests in preference to Plaintiffs' interests.

The following claims in the Complaint remain to be tried: i) Breach of Fiduciary Duty (against Defendants Salas and Dolphin Advisors LLC); ii) Fraud (against all Defendants); iii) Accounting (against all Defendants); iv) Conversion (against all Defendants); v) Re-characterization/Equitable Subordination (against all Defendants); and vi) Piercing the Corporate Veil (against all Defendants).

At trial, Plaintiffs will also establish the elements which give rise to the following causes of action and, thereafter, will seek to amend the pleadings to conform them to the evidence: i) Promoter Liability (against Defendant Salas) and ii) Inducement Not to Sell (against all Defendants).

Pursuant to the individual practices of this Court, Plaintiffs shall submit a separate statement of the elements of each claim with a summary of facts relied upon to establish each element.

### b. Defendants' Defenses.

Defendant Peter Salas has been in the business of managing and investing money for individuals and institutions for more than 36 years. He has a sterling reputation in the industry and has been overall successful. In 2004, his second cousin, who was to be working on the new fund, approached Peter and requested that the cousin's parents, the plaintiffs in this case, be allowed to invest in Dolphin Direct Equity Partners, LP(DDEP), an investment vehicle being set-up by Peter exclusively for existing partners in Dolphin Offshore Partners, L.P., to invest primarily in private companies, but with authority to invest in a wide array of other opportunities. Plaintiffs, intelligent and accomplished business people, invested in DDEP and signed the Subscription Agreement and Power of Attorney for DDEP, which represented that they had carefully read and were familiar with the Subscription Agreement, the Offering Memorandum and the Partnership Agreement. In this complaint, they now admit that they read neither the Partnership Agreement nor the Offering Memorandum. While their investment was profitable, plaintiffs did not make any complaints to Peter; when

4

their investment lost value (in the national financial collapse that began in the 2008 timeframe), plaintiffs began complaining about the amount of information they were getting from Peter. Indeed, while plaintiffs suggest that they had concerns about the amount of information they were receiving from the outset, they continued to make additional capital contributions through October of 2007. The defendants received $136,000 less than they had invested, without giving effect to the substantial tax benefits which they received.

## 5. ESTIMATED NUMBER OF TRIAL DAYS.

The parties estimate that two (2) trial days will be necessary for this matter. This matter is to be tried without a jury.

## 6. MAGISTRATE JURISDICTION.

The Parties have consented to a trial before a Magistrate Judge.

## 7. STIPULATED FACTS AND LAW.

i. Carlos M. Salas and Ada Cristina Salas are married and residents of South Carolina.

ii. Carlos M. Salas and Ada Cristina Salas were and are investors in Dolphin Direct Equity Partners, LP.

iii. Peter E. Salas was the President and majority shareholder of Dolphin Management, Inc.

iv. Peter E. Salas is the President and sole shareholder of Dolphin Mgmt. Services, Inc.

v. Peter E. Salas was, at all times relevant to the Complaint, the Chairman, Manager, and sole Director of Dolphin Advisors, LLC.

vi. Dolphin Management, Inc. is a corporation formed pursuant to the laws of the state of Delaware.

vii. Dolphin Mgmt. Services, Inc. is the successor-in-interest to Dolphin Management, Inc.

viii. Dolphin Management Inc. was a general partner of Dolphin Direct Equity Partners, LP.

ix.  Dolphin Mgmt. Services, Inc. became a general partner of Dolphin Direct Equity Partners, LP.

x.  Dolphin Advisors, LLC is a limited liability company formed pursuant to the laws of the State of New York.

xi.  Peter E. Salas is the sole Director and managing member of Dolphin Advisors, LLC.

xii.  Dolphin Asset Management Corp. is a corporation formed pursuant to the laws of the State of New York with its principal place of business in the City, County, and State of New York. Peter is the sole control person of Dolphin Asset Management Corp. All acts of Dolphin Asset Management Corp. alleged in the Complaint were performed at or through its New York offices.

xiii.  Dolphin Direct Equity Partners, LP is a limited partnership formed pursuant to the laws of the State of Delaware.

xiv.  Dolphin Advisors, LLC was the managing partner of Dolphin Direct Equity Partners, LP.

xv.  Dolphin Asset Management Corp. performed services for Dolphin Mgmt. Services, Inc.

xvi.  Peter E. Salas operated and controlled Dolphin Advisors, LLC, Dolphin Asset Management Corp., Dolphin Direct Equity Partners, LP, and Dolphin Management, Inc.

xvii.  Plaintiffs made an initial investment in Dolphin Direct Equity Partners, LP of $50,000 in May 2004. Plaintiffs received a distribution of $4,628.54 in October 2004.

xviii.  Plaintiffs made an investment in Dolphin Direct Equity Partners, LP in April 2005.

xix.  Plaintiffs made an investment in Dolphin Direct Equity Partners, LP in October 2005.

xx.  Plaintiffs made an investment in Dolphin Direct Equity Partners, LP of $70,000 in October 2007.

xxi.  Dolphin Direct Equity Partners, LP issued a check in the amount of $73,183 to Plaintiffs in or about November 2013.

xxii.  Dolphin Direct Equity Partners, LP issued a check to Plaintiffs in or about December 2013. Plaintiffs have not cashed or deposited this check from Dolphin Direct Equity Partners, LP.

    xxiii.    Peter Salas had Dolphin Direct Equity Partners, LP guarantee the funds that Dolphin Offshore loaned to Dolphin Management Inc.

## 8. LIST OF TRIAL WITNESSES.

While the parties are listing witnesses they expect to call on their case in chief and any witness the other side may call, each party reserves the right to raise evidentiary and other objections.

### a. Plaintiffs' Witnesses

    i. Plaintiff Carlos M. Salas will testify in person about, *inter alia*, Plaintiffs' investments in DDEP.

    ii. Plaintiff Ada Cristina Salas will testify in person about, *inter alia*, Plaintiffs' investments in DDEP.

    iii. Defendant Peter Salas will testify in person about, *inter alia*, Plaintiffs' investments in DDEP and the facts and circumstances surrounding Defendants' improper acts and omissions. It is expected that Defendant Peter Salas will be a hostile witness.

    iv. Jason Scharfman, Esq., CFE, CRISC, CAIA will give expert testimony that covers, among other things, the topics and issues discussed in his Expert Report, annexed hereto as Exhibit A. Defendants have not interposed a Daubert motion nor taken his deposition.

### b. Defendants' Witnesses

    *i.* Defendant Peter Salas will testify in person about, among other issues, the structure and management of his business operations, including DDEP.

    *ii.* Plaintiff Carlos M. Salas will be called as a witness to testify about his investments in DDEP if Plaintiffs do not call him in their case in chief.

    *iii.* Plaintiff Ada Cristina Salas will be called as a witness to testify about her investments in DDEP if Plaintiffs do not call her in their case in chief.

docs-100072941.1

### 9. LIST OF DEPOSITION DESIGNATIONS.

None.

### 10. LIST OF TRIAL EXHIBITS.

#### a. Plaintiffs' Exhibits

The below exhibits are exhibits which Plaintiffs intend to use for their case in chief. Plaintiffs reserve the right to use some or all of the exhibits listed below. This list does not include other kinds of documents that may be introduced at trial, including, but not limited to, documents that will be used for purposes of impeachment and documents which were identified at deposition, requested, not produced by Defendants, and subsequently subpoenaed for trial. Plaintiffs reserve the right to supplement the below exhibit list.

| * = No Objection to Authenticity <br> ** = No Objections on Any Ground | Trial Exhibit Number | Deposition Exhibit Number | Document Description | Bates Number |
|---|---|---|---|---|
| ** | 1 | 2 | Update letters from Peter E. Salas to Carlos & Ada Salas October 2004 – December 2013 Tabs A – M | A. 001444 <br> B. 001445 - 001446 <br> C. 001447 - 001452 <br> D. 001453 - 001458 <br> E. 001459 <br> F. CSALAS00000063– CSALAS00000067 <br> G. 001464 - 001465 <br> H. 001466 - 001469 <br> I. 001470 - 001472 <br> J. 001473 - 001475 <br> K. 001476 - 001478 <br> L. 001479 <br> M. 001480 |
| ** | 2 | 3 | Second Letter from Peter E. Salas to Carlos and Ada Salas from May 2006 | 001453 - 001458 |
| ** | 3 | 4 | Relation between Peter E. Salas & Dolphin Entities | No Bates – chart created for deposition |
| ** | 4 | 5 | A. Dolphin Direct Equity Partners LP Limited Partnership Agreement <br> B. Dolphin Direct Equity | A. 002199 - 002225 <br> B. 002151 - 002198 <br> C. 002226 - 002251 |

8

| | | | | |
|---|---|---|---|---|
| | | | Partners LP Confidential Offering Memo<br>C. Dolphin Direct Equity Partners LP Subscription Documents | |
| ** | 5 | 6 | Dolphin Offshore Partners LP 2010 Financial Statement 31 March 2010 | No Bates – from Kevin Reilly |
| ** | 6 | 9 | A. Purchase and Sale Agreement dated March 1, 2004 between Dolphin Offshore Partners, L.P. and Dolphin Advisors, LLC and Dolphin Management<br>B. Purchase and Sale Agreement dated April 15, 2004 between Dolphin Advisors, LLC and Dolphin Direct Equity Partners, LP<br>C. Contribution Agreement dated April 15, 2004 between Dolphin Management Inc. and Dolphin Direct Equity Partners, LP | A. CSALAS00005862 – CSALAS00005863<br><br>B. CSALAS00005858 – CSALAS00005859<br><br>C. CSALAS00094068 – CSALAS00094069 |
| ** | 7 | 10-I | Dolphin Direct Equity Partners, LP Federal Tax Returns Vol. 1 of 2<br>2004 – 2010 | No Bates – from Kevin Reilly |
| ** | 8 | 10-II | Dolphin Direct Equity Partners, LP Federal Tax Returns Vol. 2 of 2<br>2011 – 2016 | No Bates – from Kevin Reilly |
| ** | 9 | 12-A | From Peter E. Salas to Carlos P. Salas: FW: AW Dolphin Direct April 8, 2004<br>Correspondence between Marcel Schneider and Peter E. Salas: AW: Dolphin Direct April 7, 2004 – April 8, 2004 | A. CSALAS00089911 |
| ** | 10 | 12-B | Original copies of emails from Deposition Ex. 12-A (Trial Ex. 9) | B. CSALAS00089909 – CSALAS00089910 |

| ** | 11 | 14 | A. Line of Credit Promissory Note dated December 18, 2003 from Dolphin Direct Equity Partners, LP to Dolphin Management Inc.<br>B. Line of Credit Promissory Note dated October 1, 2003 from Dolphin Management Inc. to Dolphin Offshore Partners, L.P.<br>C. Guarantee dated December 18, 2003 made by Dolphin Direct Equity Partners, LP | A. 00077262 – 00077267<br><br>B. CSALAS00000733 – CSALAS00000738<br><br>C. 00077253 - 00077261 |
| --- | --- | --- | --- | --- |
| ** | 12 | 15 | From Peter E. Salas to Carlos Salas: RE: Loan documentation From Carlos P. Salas to Peter E. Salas: Loan documentation December 30, 2009 | CSALAS00152313 |
| ** | 13 | 16 | Correspondence between Carlos P. Salas and Peter E. Salas ranging January 5, 2010 – February 10, 2010<br>Tabs A – E | A. CSALAS00000732 - CSALAS00000747<br>B. CSALAS00000754; CSALAS00000733 - CSALAS00000738; CSALAS00000747; CSALAS00000244 – CSALAS00000249<br>C. CSALAS00000739 – 00000747<br>D. CSALAS00000801 – CSALAS00000808<br>E. CSALAS00000781 – CSALAS00000782; CSALAS00000803 – CSALAS00000808 |
| ** | 14 | 17 | A. Dolphin Direct Equity Partners Financial Statements for the period from 16 December 2003, the date of formation, to 31 December 2007<br>B. Dolphin Direct Equity Partners Financial Statements for the forty-eight month period ending 31 December 2011 | A. 002256 – 002276<br>B. 002277 – 002203<br>C. 002304 - 002328 |

docs-100072941.1

|  |  |  | C. Dolphin Direct Equity Partners Financial Statements for the twenty-four month period ending 31 December 2013 |  |
| --- | --- | --- | --- | --- |
| ** | 15 | 21-I | Dolphin Management Inc. Federal Tax Returns<br>Tabs A – F<br>2004 – 2009 | No Bates – from Kevin Reilly |
| ** | 16 | 21-II | Dolphin Management Inc. Federal Tax Returns<br>Tabs G – L<br>2010 – 2015 | No Bates – from Kevin Reilly |
| ** | 17 | 22 | K-1's Issued to Dolphin Management from Dolphin Advisors<br>Tabs A – H<br>2004 – 2011 | No Bates – from Kevin Reilly |
| ** | 18 | 32 | K-1's Issued to Ada & Carlos Salas from Dolphin Direct<br>Tabs A – J<br>2004 – 2013 | No Bates – from Kevin Reilly |
| ** | 19 | 34 | K-1's Issued to Dolphin Limited from Dolphin Direct<br>Tabs A – K<br>D. 2004 – 2014 | No Bates – from Kevin Reilly |
| ** | 20 | 35 | K-1's Issued to Dolphin Advisors from Dolphin Direct<br>Tabs A – J<br>2004 – 2013 | No Bates – from Kevin Reilly |
| ** | 21 | 39 | DMSI% ownership of DOP & DDIR in Partnership Interest | 00077272 |
| ** | 22 | 46 | Carlos Salas' Alleged Capital Contributions and Advances By Dolphin Management Per Accounting By Peter Salas | No Bates – created for deposition |
| ** | 23 | None | Independent Auditor's Report to the Partners of Dolphin Offshore Partners, LP dated May 4, 2011 | No Bates – from Kevin Reilly |
| ** | 24 | None | Dolphin Offshore Partners, LP Financial Statements for the year ended December 31, 2011 | No Bates – from Kevin Reilly |

docs-100072941.1

| | | | – Marked "DRAFT" | |
|---|---|---|---|---|
| ** | 25 | None | Dolphin Offshore Partners, LP Financial Statements for the twenty four month period ended December 31, 2013 | No Bates – from Kevin Reilly |
| ** | 26 | None | From Peter Salas to Carlos Salas and Cristina Salas: Email RE: Dolphin Fund on January 13, 2014 | CSALAS00000047 – CSALAS00000051 |

Plaintiffs' Exhibits will also include documents that are to be provided pursuant to trial subpoena, which include, but are not limited to, the following:

1. Audited financial statements for Dolphin OffShore Partners ("DOSP") for the years 2003 through 2005;

2. Documents showing the amount of money borrowed and repaid annually by Dolphin Management ("DM") from DOSP" for the years 2003 through 2011 for use in connection with the business of Dolphin Direct Equity Partners, LP ("DDEP") and or investing in DDEP;

3. Documents showing how DM's equity in DDEP increased each year;

4. With respect to ARI Network Services, Peoples Educational Holdings, Telematics Corporation and Williams Controls assets transferred by DM to DDEP as part of its capital contribution, and which DM obtained from DOSP: Documents showing:

    a) the cost basis on the books of DOSP for such assets and

    b) the FMV on the books of DOSP for such assets

5. With respect to Primaris Airlines and Southwall Technologies which assets were transferred to DDEP by DM documents showing:

    a) the cost basis for such by DM and/or DOSP

    b) the source of funds utilized by DM to acquire such assets and

    c) whether DDEP was responsible for any debt of DM in relation to that acquisition

6. With respect to the securities contributed to DDEP by DM, documents showing the cost basis of DM.

7. Documents showing each increase in equity in DDEP by DM annually and any debt incurred by DM to DOSP to fund such increase.

docs-100072941.1

b. **Defendants' Exhibits.**

Defendants will accept Plaintiffs' Exhibits 1-25 as a joint exhibit list and reserve the right to introduce other, unlisted documents for purposes of impeachment.

Dated: November 21, 2018

**ANDERSON KILL P.C.**

By: _____
Jeremy E. Deutsch
Herbert I. Deutsch
Elliot J. Coz
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
jdeutsch@andersonkill.com
hdeutsch@andersonkill.com
ecoz@andersonkill.com
*Attorneys for Plaintiffs*

Respectfully submitted,

**OSBORN LAW P.C.**

By: _____
Daniel Osborn
Lindsay M. Trust
43 West 43rd Street, Suite 131
New York, NY 10036
Telephone: 212-725-9800
Facsimile: 212-500-5115
dosborn@osbornlawpc.com
ltrust@osbornlawpc.com
*Attorneys for Defendants*

**SO ORDERED:** DATE: 11/27/18

_____
**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**

13